# In the United States Court of Federal Claims

No. 15-1256C
(Filed under seal November 17, 2015)
(Reissued November 25, 2015)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                            \*

**RES REI DEVELOPMENT, INC.,**  \*
                            \*

          Plaintiff,    \*
                            \*

     v.                   \*
                            \*

**THE UNITED STATES,**      \*
                            \*

          Defendant,   \*
                            \*

     and                  \*
                            \*

**ST. MICHAEL'S INC. and**    \*
**FEDERAL ACQUISITION**    \*
**SERVICES TEAM, LLC,**     \*
                            \*

          Defendant-Intervenors.  \*
                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court held an oral argument yesterday via telephone on plaintiff's motion to supplement the administrative record. Participating in the conference was counsel for plaintiff and defendant, as well as counsel for each intervenor. As discussed during the oral argument, plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Plaintiff alleges that systemic problems involving the operation of government servers precluded its original proposal from being accepted, requiring hasty (and erroneous) modifications to its proposal, *see* Compl. ¶¶ 13–24, 66–80. The administrative record of another protest concerning the same procurement, *Federal Acquisition Services Team, LLC v. United States* (*FAST*), No. 15-78C, contains information regarding the problems offerors faced in having their emailed proposals accepted by the government's servers, and the agency's application of the

government control exception, 48 C.F.R. § 52.215-1(c)(3)(ii)(A)(2).  This includes computer print-outs concerning server activity, email exchanges between the contracting officer and offerors, and statements from agency personnel concerning the receipt of emails.

As the Court concluded in *FAST*, "whether a systemic problem with the agency's server precluded properly-sized submissions from being accepted" is a question "that by its nature will involve evidence beyond what one would ordinarily find in an administrative record."  *FAST*, No. 15-78C, 2015 WL 892444, at *2 (Fed. Cl. Feb. 27, 2015).  This type of evidence falls under a recognized, established category justifying supplementation, *see Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343–44 (2004) (noting "relevant information that by its very nature would not be found in an agency record"), and was included in the administrative record of another protest involving the same procurement.  Under the circumstances, with plaintiff alleging that problems with the government's servers required modifications which impaired its proposal, this is one of the rare cases in which supplementation is "necessary in order not 'to frustrate effective judicial review.'"  *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)).

The administrative record in *FAST* is in three parts.  First, there is the amended administrative record, which was filed on compact disc on February 18, 2015, and is not available through ECF.  Second, there are documents concerning the Group A and Group B procurements, which are found on pages 32–157 of FAST's proposed supplement to the administrative record, filed February 13, 2015 (ECF No. 14 in *FAST*).  Third, there are the contracting officer's answers to written deposition questions, filed February 25, 2015 (ECF No. 23 in *FAST*).  The Clerk shall file under seal in this case the latter two portions of the *FAST* administrative record (from *FAST*, pp. 32–157 of ECF No. 14, and the entirety of ECF No. 23).  The government shall serve and file under seal a copy of the compact disc containing the amended administrative record from *FAST*, so that it is received by counsel for the parties no later than the close of business **Wednesday, November 18, 2015**.

The Court has determined that the administrative record in this case should be supplemented with the following portions of the *FAST* record concerning the receipt of emailed proposals and the application of the government control exception:  Tab 12 (AR 488–640); Tab 18 (AR 669–85); Tabs 22–25 (AR 720–35); Tabs 31–36 (AR 823–90); and the contracting officer's answers to the written deposition questions.  When citing pages from the compact disc, the parties may reference them as "FAST AR" using the Bates numbers already employed.  If any party believes it is necessary to supplement the record in this case with other portions of the *FAST* record, it may move for additional supplementation.

Plaintiff has also moved to supplement the record with other offerors' proposals and their evaluations.  Such documents are frequently included in the

administrative records of bid protests, as inconsistent treatment of similar aspects of proposals may be evidence of an arbitrary decision. *See Tech Systems, Inc. v. United States*, 98 Fed. Cl. 228, 252 (2011) (describing process of "scrutinizing the evaluations for objective inaccuracies or subjective inconsistencies"). Plaintiff's complaint alleges that portions of its proposal were not properly evaluated, *see* Compl. ¶¶ 54–65, 81–94, but seeks to justify supplementation on the ground of bias or bad faith, *see* Pl.'s Mot. at 9–11. The Court does not find that the agency's admission that it applied the government control exception to another offeror's submission to be the sort of "hard facts" needed to support discovery based on bias or bad faith, *see InfoReliance Corp. v. United States*, 118 Fed. Cl. 744, 748 (2014). It more likely reflects a difference of opinion concerning the interpretation and application of the government control exception.

Concerning the relevance of the proposals and evaluations of the fifteen other offerors, the government persuasively argues that these are more commonly included when a protest challenges a decision at the best value tradeoff stage of a procurement, in which proposals are compared, rather than the competitive range determination stage, in which the proposal is judged solely against the standards of the solicitation. In addition, plaintiff has not identified anything in the existing record, such as in the Initial Source Selection Evaluation Board Evaluation Report, Tab 36, Admin. R. at 1507–80, which suggests different treatment of similar aspects of proposals, or differing applications of the solicitation criteria. Moreover, a review of that report shows that all proposals but one were found at that stage to have significant problems, making them less likely founts of evidence of arbitrariness. The Court concludes that effective review of plaintiff's allegations concerning evaluation errors may be performed if supplementation is limited to the initial proposal and evaluations of the one proposal deemed meritorious at that stage--- that of the offeror designated as "Offeror M." This will serve as the necessary quality control check of the evaluation process concerning the issues raised by plaintiff. The government shall serve upon the parties and file under seal the initial proposal and evaluations of Offeror M, on or by the close of business **Thursday, November 19, 2015**.

The request for other proposals and evaluations is denied. So, too, is the request that other documents from the FAST proceeding be added to the record, as these cannot be evidence regarding the decisions being challenged in this matter. And plaintiff has not persuaded the Court that the records from another protest regarding this procurement have any relevance to the issues presented in this case.

Finally, the request for attorney's fees and costs under Rule 37(a)(5) of the Rules of the United States Court of Federal Claims is denied. The Court does not find this provision relevant to bid protests, in which discovery and supplementation are not the norm and the burden of establishing their propriety rests on a protester.

- 4 -

      In light of the supplementation of the administrative record, the briefing schedule must be adjusted.  The parties may now file their motions for judgment on the administrative record on or by **Tuesday, November 24, 2015**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge